BOYER, Acting Chief Judge
(concurring specially).
I concur in the conclusion reached by the majority but I am not sure that the opinion is entirely responsive to the issues raised on this appeal.
The pole star of the law is, and must always be, the achievement of justice. While not always accomplished, that guiding principle must never be lightly swept aside. The law is, generally, what it ought to be and where there is a wrong there must be a remedy. Nothing less would be consistent with our American heritage where we have traditionally enjoyed the rule of law rather than the rule of men. Further, generally speaking, the law is logical and fair.
Bearing in mind the foregoing principles, it is basically unfair to hold that a sheriff, who has no power over taxes or budgets, is solely responsible for jail conditions in the event it should be alleged and proved that such conditions were not of his making and were beyond his control.
So long as sheriffs and their deputies have the authority and the responsibility of arrest and judges the power to incarcerate and so long as the duty and responsibility is placed upon the sheriffs of the State to comply with judicial mandates, I would hold that counties have the legal obligation to furnish adequate facilities to enable the sheriffs to properly discharge their duties and responsibilities. I do not here suggest that jails should be plush hotels nor that inmates should be pampered or coddled. Inadequacy is, of course, a matter of fact subject to proof as other factual issues.
The foregoing recitations should not be construed as any opinion as to whether or not, in the case sub judice, the county failed to discharge its obligations nor whether such failure, if it did exist, was a proximate cause of the acts and damages complained of. I merely here express the view that under proper allegations a county may, upon proof of those allegations, be held legally liable for failure to discharge its obligations of furnishing adequate facilities to facilitate our legal penal system. To hold otherwise would, in my opinion, be unfair and unreasonable and would be contrary to the principle that where there is a wrong there is a remedy.
I accordingly concur with that portion of the final order dismissing the cause with prejudice and would remand for further proceedings consistent with the views here expressed.